# EXHIBIT A

All Law Division initial Case Management Dates will be heard via Jefferson Jury
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 10/20/2022 9:00 AM

FILED
8/16/2022 2:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007418
Calendar, E
19108319

FILED DATE: 8/16/2022 2:37 PM  2022L007418

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| EVI, Individually, as Special Administrator of the Estate of KOLISUN, deceased, | )<br>)<br>) |
| Plaintiff, | ) 2022L007418 |
| | )<br>) No. |
| THE BOEING COMPANY, a Delaware Corporation, | )<br>) **JURY DEMANDED**<br>) |
| Defendants. | )<br>) |

## **WRONGFUL DEATH COMPLAINT**

Plaintiff, EVI, Individually, as Special Administrator of the Estate of KOLISUN, deceased, files this Complaint against defendant The Boeing Company, an Illinois corporation, and states as follows:

1. This is an action for damages, pursuant to the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et seq.*, and the Illinois Product Liability Act, 735 Ill. Comp. Stat. 5/13-213, based on a defect in the design of the Boeing 737-800.

2. This case arises from an aircraft accident on January 9, 2021. On that date, a Boeing 737-500 aircraft with registration PK-CLC (the "subject aircraft") was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta, Indonesia to Pontianak, Indonesia ("the subject flight"). Shortly after takeoff, the subject flight experienced an upset and crashed in the Java Sea.

3. As of the date of filing of this action, all 62 occupants of the aircraft—50 passengers and 12 crew members—are presumed or confirmed dead. Plaintiff's decedent were passengers on the subject aircraft during the subject flight.

## THE PARTIES

4. The Plaintiff EVI is a citizen and resident of Indonesia and is an heir of KOLISUN, deceased, and the Special Administrator of the Estate. Plaintiff's decedent was a citizen and resident of Indonesia.

5. The Defendant, The Boeing Company (also referred to as "Boeing"), was and is a corporation that is domiciled in, is a resident of, and has its principal place of business in Cook County, Illinois.

6. At all relevant times, Boeing was engaged in the business of designing, manufacturing, integrating, assembling, modifying, maintaining, inspecting, testing, servicing, marketing, and distributing aircrafts and their component parts, including the subject aircraft.

## GENERAL ALLEGATIONS

7. Sriwijaya Air Flight SJ 182 was a Boeing 737-500 aircraft. Boeing designed, manufactured, assembled and sold the subject aircraft.

8. After the manufacture, sale and delivery of the aircraft, Boeing continued to provide airlines services related to the aircraft and other 737-500 aircraft, including instructions and guidance for the safe operation and maintenance of the aircraft. Among other things, Boeing drafted, published and provided to Sriwajaya Airlilnes instructions and manuals for the maintenance and operation of the subject aircraft and the training of aircraft flight crews.

9. Additionally, Boeing provided after-sale service, instruction and advice for the maintenance and operation of the subject aircraft and the training of aircraft flight crews.

10. On January 9, 2021, Sriwijaya Air Flight SJ 182 took off from Soekarno-Hatta International Airport in Jakarta. There were 50 passengers on board—43 adults and seven children—as well as 12 crew members.

11. As the subject aircraft was ascending, just minutes after takeoff, the lever on the left engine throttle moved back, reducing thrust in the left engine. The right-side lever did not. Upon information and belief, this was due to a failure of the subject aircraft's autothrottle system, and the aircraft experienced an asymmetrical and unequal thrust between the right and left engines. This condition remained throughout the short duration of the subject flight.

12. Then, after the subject aircraft reached an altitude of over 10,000 feet, the aircraft's autopilot system turned off, which resulted in the plane making a sharp roll to the left, and losing control.

13. Just four minutes after leaving Jakarta, the subject aircraft lost contact with ground control. Data recovered after the accident showed that the aircraft descended about 10,900 feet in twenty-two seconds before crashing, many multiples of a normal and controlled rate of descent.

14. Preliminary data from investigations of the crash suggests that the aircraft's autopilot systems masked the aircraft's asymmetrical thrust for period of time, until it suddenly disengaged.

3



15. Flight SJ 182 was not the first Boeing aircraft to experience issues with the automatic throttle computer or problems involving asymmetrical thrust.

16. In 2001, the U.S. Federal Aviation Administration ordered operators of the 737-500 aircraft to replace the automatic throttle computer after reports of unequal thrust.

17. In 2007, in separate incidents, two Boeing 737-500s experienced unintended and unexpected shutdowns of their auto-throttle systems. Fortunately, the pilots were able to control the aircraft and avoid injury.

18. In 2009, a Boeing 737-800 experienced a malfunction with its auto-throttle system, causing it to stall and crash on its approach to Amsterdam, killing nine occupants and injuring 120 others.

19. In 2013, a Boeing 777 crashed on approach to San Francisco, as a result of a failure of the auto-throttle system to maintain sufficient speed. That crash, of Asiana Airlines flight OZ 214, resulted in three deaths and dozens of injuries.

4

## COUNT I: STRICT PRODUCTS LIABILITY

20. The Plaintiff incorporates and reasserts the allegations in Paragraphs 1 through 18 as though alleged herein.

21. At all relevant times, Boeing was the designer, manufacturer, distributor and/or seller of Boeing 737 aircraft including the subject aircraft. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

22. At the time of the accident, the subject aircraft was being used for its intended purpose—transporting passengers and crew in a commercial flight—and in a manner reasonably foreseeable to Boeing.

23. At all times material, Boeing—as manufacturer, designer, and marketer of the subject aircraft—had a duty to ensure that the aircraft was reasonably safe.

24. At the time the subject aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous, including but not limited to in one or more of the following respects:

    (a) the autothrottle was subject to failure;

    (b) the autothrottle was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and loss of control; and/or

    (c) the subject aircraft and/or its attendant instructions and manuals did not provide any warnings of these unreasonably dangerous and defective conditions, did not provide adequate instructions and advice as to the maintenance of the subject aircraft, did not provide adequate instructions and advice as to recovery of the aircraft in the event of an upset, and/or were otherwise inadequate.

5

25. The dangerous and defective conditions of the subject aircraft caused the subject accident, and directly and proximately caused injury to Plaintiff's decedent.

26. Plaintiff's decedent left surviving family members, next of kin, heirs, and beneficiaries, including Plaintiff, for whose benefit this action is brought.

27. Plaintiff and the other heirs and beneficiaries of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of Plaintiff's decedent.

28. As a result of the death of the Decedents, the next of kin of the Decedent have suffered tremendous damages, thus subjecting Boeing to liability under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et seq.*, for, among other things, pecuniary losses, loss of companionship, loss of support, loss of guidance, loss of consortium, loss of advice, loss of society, and damages associated with grief, sorrow, and mental suffering.

29. Plaintiff has been damaged and claims all damages available to her, the survivors, beneficiaries, and heirs under applicable law.

WHEREFORE, Plaintiff, EVI, Individually, and as Special Administrator of the Estate of KOLISUN, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant the Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II: NEGLIGENCE

30. The Plaintiff incorporates and reasserts the allegations in Paragraphs 1 through 18 as though alleged herein.

31. At all relevant times, Boeing was the designer, manufacturer, distributor and/or seller of Boeing 737 aircraft including the subject aircraft. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

32. Duty: At all times relevant hereto, Defendant Boeing owed a duty to Plaintiff and Plaintiff's decedent to exercise reasonable care in the design, manufacture, assembly, and sale of the subject aircraft and in preparing, publishing, and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the subject aircraft and training of its pilots, so as not to cause death or injury to Plaintiff's decedent.

33. Breach: Defendant Boeing negligently breached the duty of care it owed to Plaintiff and Plaintiff's decedent, including but not limited to in one or more of the following ways:

    (a) negligently designing, manufacturing, assembling and selling the subject aircraft such that the autothrottle system was subject to failure;

    (b) negligently designing, manufacturing, assembling and selling the subject aircraft such that it was subject to inadvertent asymmetrical thrust;

    (c) negligently failing to warn of these defective and unreasonably dangerous conditions;

    (d) negligently preparing and providing manuals and instructions which did not provide any or provided inadequate, instructions and advice as to the maintenance and operation of the subject aircraft so as to prevent failures of the autothrottle, asymmetrical thrust, and/or other dangerous conditions and flight scenarios;

34. Causation: As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the subject aircraft crashed, killing all occupants aboard including Plaintiff's decedent.

7

35. <u>Damages</u>: As a result of the death of the Decedent, the next of kin of the Decedent has suffered tremendous damages, thus subjecting Boeing to liability under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et seq.*, for, among other things, pecuniary losses, loss of companionship, loss of support, loss of guidance, loss of consortium, loss of advice, loss of society, and damages associated with grief, sorrow, and mental suffering.

36. Plaintiff has been damaged and claims all damages available to her, the survivors, beneficiaries, and heirs under applicable law.

WHEREFORE, Plaintiff, EVI, Individually, as Special Administrator of the Estate of KOLISUN, deceased through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III: BREACH OF WARRANTY

37. The Plaintiff incorporates and reasserts the allegations in Paragraphs 1 through 18 as though alleged herein.

38. At all relevant times, Boeing was the designer, manufacturer, distributor and/or seller of Boeing 737 aircraft including the subject aircraft. At all relevant times, Boeing was in the business of designing, testing, manufacturing, assembling, building, distributing, marketing, and/or inspecting Boeing aircraft as suitable and safe for passenger transportation.

39. Prior to the subject accident, Boeing expressly and/or impliedly warranted and represented that the subject aircraft, including its component parts and instruments, and in conjunctions with instructions issued by Boeing, was airworthy, of merchantable quality, and

8

FILED DATE: 8/16/2022 2:37 PM 2022L007418

fit and safe for the purpose of commercial air travel for which it was designed, intended and used.

40. Boeing breached said warranties in that the subject airplane was not airworthy, of merchantable quality, or fit and safe for the purposes for which it was designed, intended and used, and free from all defects as set forth above.

41. Plaintiff's decedent, as passengers on flight SJ 182, were intended third-party beneficiaries of Boeing's warranties that the subject aircraft was airworthy, of merchantable quality, both fit and safe for the purposes for which it was designed, intended and used, and free from all defects.

42. Plaintiff's decedent reasonably relied on these warranties to their detriment.

43. As a direct and proximate result of Boeing's breach of warranty, and the consequent death of Plaintiff's decedent, the next of kin of the Decedents have suffered tremendous damages, thus subjecting Boeing to liability under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et seq.*, for, among other things, pecuniary losses, loss of companionship, loss of support, loss of guidance, loss of consortium, loss of advice, loss of society, and damages associated with grief, sorrow, and mental suffering.

44. Plaintiff has been damaged and claims all damages available to her, the survivors, beneficiaries, and heirs under applicable law.

WHEREFORE, Plaintiff, EVI, Individually, as Special Administrator of the Estate of KOLISUN, deceased, through her undersigned counsel, prays for the entry of a judgment in her favor and against Defendant The Boeing Company for an amount in excess of the

minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Dated this 16th day of August, 2022

Respectfully submitted,

By: /s/ Sarah Buck
Sarah Buck
HAYS FIRM, LLC
200 N. LaSalle Street, Suite 2150
Chicago, IL 60601
Phone: 312. 626-2537
ahays@haysfirm.com
Atty. No.: 46467

-and-

Steven C. Marks
FL Bar No.: 516414
smarks@podhrust.com
Pablo Rojas
FL Bar No.: 1022427
projas@podhurst.com
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, FL 33131
305.358.2800

***Attorneys for Plaintiff***